UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00123-GCM

| DAVID MEYERS, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| FOOTHILLS CORRECTIONAL INSTITUTION WARDENS, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983 [Doc. 1], Plaintiff's motion to proceed in forma pauperis [Doc. 4], and Plaintiff's motion to consolidate [Doc. 5].

**I.  BACKGROUND**

Pro se Plaintiff David Meyers ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Foothills Correctional Institution ("Foothills") in Morganton, North Carolina.  On May 9, 2023, he filed this civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1].  Plaintiff names Foothills, "Foothills Correctional Institute Wardens," and thirteen individual Defendants, including officials at Foothills and with the North Carolina Department of Adult Corrections (NCDAC), as Defendants in this matter.  [Id. at 1].  By way of summary only, Plaintiff alleges that he tested positive for tuberculosis (TB) in 2012 and Defendants are forcibly injecting him with TB medication; that he is supposed to be housed in a Virginia prison and Defendants kidnapped him on three different occasions and seized his legal materials to prevent him from prosecuting his cases; that, on April 25, 2023, Defendants refused to pack Plaintiff's 18

boxes of legal materials, causing dozens of his civil actions to be dismissed, and falsely claimed that Plaintiff refused his legal mail; that Defendants are trying to kill Plaintiff for practicing his Islamic religion; that Defendants seized his wheelchair because it did not fit through segregation doors and gave him a worn-out "severely dangerous extra small wheelchair" designed for a five-year-old child; and placed Plaintiff in a cell without "handicap rails," forcing Plaintiff to defecate in his own hands. [Id. at 2-7]. Plaintiff claims that he is in "imminent danger" and asks the Court to hold an imminent danger hearing. [Id. at 1-2]. For relief, Plaintiff seeks $4 million in damages, transfer to a Virginia prison, and return of his property. [Id. at 7]. Plaintiff also seeks an unidentified temporary restraining order and asks the Court to hold this matter in abeyance to allow Plaintiff to submit his Complaint on the proper form. [Id. at 1, 7].

Plaintiff failed to pay the filing fee or submit a motion to proceed in forma pauperis with his Complaint. As such, the Clerk mailed Plaintiff a Notice of Deficiency, advising Plaintiff that he must either pay the filing fee or file an application to proceed without prepayment of the filing fee ("IFP Application") within 21 days of the Clerk's Order. [Doc. 2]. On May 24, 2023, Plaintiff filed a completed IFP Application, including an "'Imminent Danger' Affidavit." [Docs. 4, 4-2]. In his Affidavit, Plaintiff claims as follows. On April 27, 2023, Sergeant Byrd, Officer Siciak, and eight prison guards at Alexander Correctional Institution robbed Plaintiff of his privately-owned Inva Care wheelchair for which Plaintiff has a medical pass. The same day, two Foothills transportation officers and another officer "illegally re-kidnapped" Plaintiff, dragging him from the Inva Care wheelchair in front of Foothills and "hurled" him headfirst into a blue SUV, causing Plaintiff to strike his head repeatedly. Then, two white male "supremacist prison guards" drove Plaintiff to a secluded wooded area five miles from a Burger King and raped the Plaintiff, "forcibly anal sodomizing [Plaintiff]," cut his neck, and "illegally drove [Plaintiff] to

2

Alexander Correctional Institute." [Doc. 4-2 at 1-2]. Plaintiff adds at the end of his Affidavit, "All of the NCDAC inmates are making threats to [him] to kill [him]." [Id. at 2].

## II. DISCUSSION

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Any of the enumerated types of dismissals count as a strike, "whether [the dismissals are] with prejudice or without." Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020). In 2020, the Fourth Circuit held that Plaintiff has had three or more prior cases dismissed for being frivolous, malicious, or failing to state a claim upon which relief can be granted. Meyers v. Comm'r of Soc. Sec. Admin., 801 Fed. App'x 90, 91 (4th Cir. 2020). A brief review of Plaintiff's litigation history in the Middle District of North Carolina and the Eastern and Western Districts of Virginia confirms that Plaintiff is subject to 28 U.S.C. § 1915(g). See, e.g., Meyers v. Brown, No. 2:20cv70 (E.D. Va.), Doc. 68 (collecting cases).

Plaintiff, therefore, must show that he is under imminent danger of serious physical injury. For the "imminent danger" exception of § 1915(g) to apply, "the imminent danger 'must exist at the time the complaint … is filed, not when the alleged wrongdoing occurred,' and the prisoner "must allege 'ongoing serious physical injury, or a pattern of misconduct evidencing the

3

Case 1:23-cv-00123-GCM   Document 7   Filed 05/31/23   Page 3 of 5

likelihood of imminent serious physical injury.'" Meyers v. Clarke, 767 Fed. App'x 437, 439 (4th Cir. 2019) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)). Plaintiff fails to plausibly allege any facts supporting its application. That is, Plaintiff recounts a series of highly incredulous events he alleges occurred on April 27, 2023, and vaguely claims that "all" NCDAC inmates are threatening his life. Plaintiff does not allege or show that any credible imminent danger currently exists. Moreover, Plaintiff's past filings in this Court and others plainly demonstrate that Plaintiff is delusional and under no threat of imminent danger. The Court, therefore, will dismiss Plaintiff's Complaint under § 1915(g).

**Plaintiff is strongly cautioned that repeated filing of frivolous actions may result in the imposition of sanctions and/or prefiling injunctions that would limit Plaintiff's ability to file further lawsuits in this Court.**

### III. CONCLUSION

In sum, the Complaint will be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g) and Plaintiff's motion to proceed in forma pauperis will be denied. Accordingly, the Court will vacate the Clerk's Order for Prisoner Trust Account Statement [Doc. 5] as moot.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** to Plaintiff's payment of the full filing fee pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is **DENIED** and the Clerk's Order for Prisoner Trust Account Statement [Doc. 6] is **VACATED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to consolidate [Doc. 5] is **DENIED** as moot.

The Clerk is further instructed to add this case to the Plaintiff's Filer Status Report in CM-ECF and to close this case.

**IT IS SO ORDERED**.

Signed: May 31, 2023

Graham C. Mullen
United States District Judge