# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:23-cv-00123-GCM

DAVID MYERS,      )
            )
      **Plaintiff,**   )
            )
**vs.**           )     **<u>ORDER</u>**
            )
            )
**FOOTHILLS CORRECTIONAL** )
**INSTITUTE WARDENS, et al.,** )
            )
      **Defendants.** )
_____ )

  **THIS MATTER** is before the Court on Plaintiff's "Consolidated OBJECTION, Motion FOR RELIEF, Motion FOR RECONSIDERATION, MOTION FOR RECUSAL, MOTION TO REOPEN CASE," [Doc. 10], which the Court construes as a motion to reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and a motion for recusal.

  On May 9, 2023, pro se Plaintiff David Meyers ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1].  Plaintiff named Foothills, "Foothills Correctional Institute Wardens," and thirteen individual Defendants, including officials at Foothills and with the North Carolina Department of Adult Corrections (NCDAC), as Defendants in this matter. [Id. at 1].  By way of summary only, Plaintiff alleged that he tested positive for tuberculosis (TB) in 2012 and Defendants are forcibly injecting him with TB medication; that he is supposed to be housed in a Virginia prison and Defendants kidnapped him on three different occasions and seized his legal materials to prevent him from prosecuting his cases; that, on April 25, 2023, Defendants refused to pack Plaintiff's 18 boxes of legal materials, causing dozens of his civil actions to be dismissed, and falsely claimed that Plaintiff refused his legal mail; that Defendants

are trying to kill Plaintiff for practicing his Islamic religion; that Defendants seized his wheelchair because it did not fit through segregation doors and gave him a worn-out "severely dangerous extra small wheelchair" designed for a five-year-old child; and placed Plaintiff in a cell without "handicap rails," forcing Plaintiff to defecate in his own hands. [Id. at 2-7]. Plaintiff claimed that he is in "imminent danger" and asked the Court to hold an imminent danger hearing. [Id. at 1-2]. After the Clerk issued a Notice of Deficiency, advising Plaintiff that he must either pay the filing fee or file an application to proceed without prepayment of the filing fee ("IFP Application"), Plaintiff filed a completed IFP Application, including an "'Imminent Danger' Affidavit." [Docs. 4, 4-2]. In his Affidavit, Plaintiff claimed as follows. On April 27, 2023, Sergeant Byrd, Officer Siciak, and eight prison guards at Alexander Correctional Institution robbed Plaintiff of his privately-owned Inva Care wheelchair for which Plaintiff has a medical pass. The same day, two Foothills transportation officers and another officer "illegally re-kidnapped" Plaintiff, dragging him from the Inva Care wheelchair in front of Foothills and "hurled" him headfirst into a blue SUV, causing Plaintiff to strike his head repeatedly. Then, two white male "supremacist prison guards" drove Plaintiff to a secluded wooded area five miles from a Burger King and raped the Plaintiff, "forcibly anal sodomizing [Plaintiff]," cut his neck, and "illegally drove [Plaintiff] to Alexander Correctional Institute." [Doc. 4-2 at 1-2]. Plaintiff also claimed in his Affidavit that, "All of the NCDAC inmates are making threats to [him] to kill [him]." [Id. at 2].

On initial screening of Plaintiff's Complaint, the Court concluded that Plaintiff was subject to 28 U.S.C. § 1915(g) because he "has had three or more prior cases dismissed for being frivolous, malicious, or failing to state a claim upon which relief can be granted." [Doc. 7 at 3 (citing Meyers v. Comm'r of Soc. Sec. Admin., 801 Fed. App'x 90, 91 (4th Cir. 2020))]. In

assessing whether Plaintiff had shown he is under imminent danger of serious physical injury, the Court concluded that

> Plaintiff fails to plausibly allege any facts supporting its application. That is, Plaintiff recounts a series of highly incredulous events he alleges occurred on April 27, 2023, and vaguely claims that "all" NCDAC inmates are threatening his life. Plaintiff does not allege or show that any credible imminent danger currently exists. Moreover, Plaintiff's past filings in this Court and others plainly demonstrate that Plaintiff is delusional and under no threat of imminent danger.

[Id. at 3-4]. The Court, therefore, dismissed Plaintiff's Complaint under § 1915(g). [Id. at 4]. The Court also warned Plaintiff that "**repeated filing of frivolous actions may result in the imposition of sanctions and/or prefiling injunctions that would limit Plaintiff's ability to file further lawsuits in this Court.**" [Id. (emphasis in original)].

Plaintiff now moves, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, for the Court to reconsider its initial review Order and for recusal of the undersigned. [Doc. 10]. As grounds to reconsider, Plaintiff "certify[ies] under oath" the following:

> I Am Not Delusional, Nor Have I Filed Any Frivolous Civil Action, Nor Have I Filed Any Frivolous Statements In Any Civil Actions In This Honorable Court Nor Any Other U.S. Courts, Nor State Courts And I Certify Under Oath Unto Perjury That The White Supremacist Racist United States District Courts U.S. Judges And U.S. Magistrates And Circuit Judges of the U.S. Court of Appeals Fourth Circuit Are False Alleging That The Civil Actions I File In Good Faith In the U.S. District Courts And They're Appeals Are Frivolous – To File "Racial Discrimination," "Bigotry," "Racism-Racism Pre-Filing Injunctions on Me In The United States Federal Courts To Deny Me Access To The Honorable Courts To "Litigate" My "Imminent Dangers Claims," And "Absolutely True File Complaints.

[Doc. 10 at 4-5 (errors and emphases in original)]. Plaintiff further "certify[ies] under oath unto perjury" that he is in imminent danger and was in imminent danger at the time he filed this case. [Id. at 5]. Plaintiff argues that the undersigned "committed fraud upon the Court" in his

"malicious" Order dismissing Plaintiff's Complaint "to tamper with a witness, victim, and informant David Meyers from submitting any further relevant evidence" in this case. [Id. at 6-7]. Plaintiff further claims that the Court erred in not conducting an imminent danger evidentiary hearing. [Id. at 7]. For relief, Plaintiff asks the Court to vacate its initial review Order, to reopen the case, to have a U.S. Magistrate Judge conduct an imminent danger evidentiary hearing within 14 days, and to consolidate this action with Case No. 5:23-cv-00064-MR. [Id. at 7-9].

Regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit Court of Appeals has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been

made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. Rather, Plaintiff disagrees with the Court's Order, primarily claiming that he is not delusional and that he is in imminent danger. The Court will, therefore, deny Plaintiff's motion to reconsider. The Court notes that it is not the first court to characterize Plaintiff's claims as delusional. See, e.g., Meyers v. Hall, No. 7:19-cv-406, 2020 WL 2316092, at *15 (W.D. Va. Feb. 21, 2020), report and recommendation adopted, No. 719-cv-250, 2020 WL 1482561 (W.D. Va. Mar. 27, 2020) ("Meyers may sincerely believe that "**hundreds**" of inmates and VDOC employees are trying to murder him, but the evidence presented at the hearing simply does not bear that out; instead, it appears that his belief is properly categorized as "delusional.").

Plaintiff also moves for the recusal of the undersigned. As grounds, Plaintiff asserts that the Court's Order dismissing Plaintiff's Complaint "is witness tampering and racial profiling racial targeting Plaintiff David Meyers and directing threats to bar David Meyers from the Honorable Court to prosecute civil actions in good faith…." [Doc. 10 at 9]. The Court will deny Plaintiff's motion as moot. Moreover, prior adverse judicial rulings and Plaintiff's unsupported, conclusory, and irrational claims fail to set forth any cognizable basis for the Court's recusal in any event. See generally Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) ("a presiding judge is not … required to recuse himself simply because of 'unsupported, irrational or highly tenuous speculation'") (quoting United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998)); see also 28 U.S.C. § 455.

# **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion [Doc. 10] is **DENIED**.

Signed: June 20, 2023

Graham C. Mullen
United States District Judge